UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PETRILLO, DMD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:15-cv-1894-GPC-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 16.]** |

On March 8, 2017, Defendant United States of America filed a motion to dismiss the first amended complaint ("FAC") of Plaintiff Ronald G. Petrillo, DMD pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5). (Dkt. No. 16-1.) Having reviewed the motions and applicable law, and for the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss with leave to amend.

## **BACKGROUND**

Plaintiff is currently a dentist practicing in San Diego. (Complaint, Dkt. No. 14 at 11.)[1] In 1988, a former patient sued Plaintiff, alleging malpractice. (*Id.*) While that case was pending, Plaintiff's insurer cancelled his malpractice coverage, and he was unable to find another provider thereafter. (*Id.*) Plaintiff eventually prevailed in the malpractice

---

[1] All citations to the record herein are based upon the pagination provided by the CM/ECF system.

suit, but the litigation, combined with the fallout of losing malpractice coverage, led to a "'stress-induced' acute coronary spasm." (*Id.*) Plaintiff sued his ex-insurance provider for intentional infliction of emotional distress. (*Id.*) In 1993, Plaintiff settled with the insurer for $1.75 million. (*Id.* at 14.)

Plaintiff received $912,000 from the settlement after his attorney deducted fees. (*Id.* at 5.) Plaintiff argues that, in 1993, "all lawsuit awards under" the personal injury code "were tax exempt," and thus he was not required to pay any tax on the settlement. (*Id.* at 4.)

In 1997, the IRS audited Plaintiff's past returns and assessed a 68% tax on the settlement, plus penalties and interest, and demanded $908,000. (*Id.* at 5.) Plaintiff alleges that the IRS improperly applied a 1996 amendment to the personal injury code, which made awards for "emotional distress" taxable. (*Id.* at 4.) Plaintiff argues his settlement was still tax-exempt as the amendment only applied retroactively through September 1995. (*Id.*)

Plaintiff filed a written appeal contesting the new assessment and scheduled a meeting with an Appeals Officer. (*Id.* at 16, 23.) The officer missed the meeting, so Plaintiff asked the officer's receptionist to re-schedule; according to Plaintiff, the officer failed to do so. (*Id.* at 23.)

Plaintiff admits he "was aware he had [a] ninety-day deadline to have an appeals meeting before being thrown to collections," but he also believed the Appeals Office was obligated to re-schedule a meeting. (*Id.*) Plaintiff also concedes that he was aware that he would be sent to "collections" if he did not have an appeals meeting and that he would have to "deposit $907,910 with the Tax Court before his case could be heard." (*Id.* at 23-24.)

Plaintiff believes that paying towards the assessed deficiency constitutes an admission that he owes money, and he therefore refuses to pay. (*Id.* at 21, 30.) Because Plaintiff did not pay the deficiency, the IRS levied Plaintiff's bank accounts and placed a

lien on his home. (*Id.* at 21-22.) Eventually the bank foreclosed on Plaintiff's home, and it was placed in auction. (*Id.* at 28-29.)

Plaintiff filed his original complaint on August 26, 2015. (Dkt. No. 1.) On April 11, 2016, the complaint was dismissed for want of prosecution. (Dkt. No. 6.) Plaintiff requested that the Court re-open the case and promised to serve Defendant a copy of the complaint and summons. (Dkt. No. 11.)

On September 14, 2016, the Court vacated the dismissal and permitted Plaintiff to file an amended complaint. (Dkt. No. 12.)

Plaintiff filed an amended complaint (the "FAC") on February 6, 2017. (Dkt. No. 14.) Plaintiff's complaint alleges eleven causes of action:[2] (1) improper assessment of tax deficiency in violation of Internal Revenue Code § 104(a)(2) (*id.* at 13-14); (2) improper assessment of tax deficiency in violation of Internal Revenue Code § 7491(a)(1) (*id.* at 14-19); (3) & (4) defamation stemming from the IRS's improper assessment (*id.* at 19); (5) tortious interference with Plaintiff's business and his mortgage (*id.* at 20-21); (6), (7), & (8) promissory fraud, deceit, and extortion from the IRS's improper use of its administrative system to "stone-wall" Plaintiff (*id.* at 22-27); (9) conspiracy to commit mortgage fraud by falsely inflating the value of Plaintiff's home (*id.* at 28-29); (10) intentional infliction of emotional distress stemming from the IRS's continued collection efforts, despite knowing Plaintiff was despondent and depressed (*id.* at 29); and (11) violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure (*id.* at 29-30).

On March 8, 2017, Defendant brought the instant motion to dismiss for (a) improper service and (b) lack of subject-matter jurisdiction. (Dkt. No. 16.) The motion has been fully briefed. Plaintiff filed an opposition response on April 6, 2017 and Defendant filed a reply on April 14, 2017.

---

[2] The first page of the Complaint lists fourteen causes of action, but the complaint itself only details eleven.

# LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a party "may assert . . . lack of subject-matter jurisdiction" by motion. Subject matter jurisdiction cannot be waived and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In general, dismissal for lack of subject matter jurisdiction is without prejudice." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

In order to sufficiently "invoke a federal court's subject-matter jurisdiction . . . . [t]he plaintiff must allege facts, not mere legal conclusions," that establish the grounds for the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[T]he sufficiency of the pleadings to establish subject matter jurisdiction is determined by whether the movant brings a facial or factual challenge." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite*, 749 F.3d at 1121. "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.*

"The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121.

Any pleadings "filed pro se [are] to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, "pleadings that . . . [contain] no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

////

////

////

# DISCUSSION

Defendant argues that the facts alleged in Plaintiff's complaint fail to demonstrate that this Court has subject matter jurisdiction to entertain a suit against the United States of America. *See Bautista-Perez v. Holder*, 681 F. Supp. 2d 1083, 1087 (N.D. Cal. 2009) ("Because Defendant does not seek to rely on any external facts, this is a facial rather than factual challenge to the court's jurisdiction."). Specifically, Defendant argues that Plaintiff has failed to point to any statute demonstrating that Congress has waived the United States' sovereign immunity as to the eleven causes of action brought in the First Amended Complaint. For the following reasons, the Court agrees that principles of sovereign immunity bar Plaintiff's claims (1) brought under *Bivens* and (2) in tort. The Court further concludes that Plaintiff's causes of action brought under the Internal Revenue Code are also barred, but can be remedied if Plaintiff adequately pleads administrative exhaustion. The Court will address each category of claims in turn.

## A. Sovereign Immunity

"A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Consejo De Desarrollo Economico De Mexicali, A.C. v. U.S.*, 482 F.3d 1157, 1173 (9th Cir. 2007). Pursuant to the doctrine of sovereign immunity, "[t]he Government is not liable to suit unless it consents thereto, and its liability in suit cannot be extended beyond the plain language of the statute authorizing it." *Price v. U.S.*, 174 U.S. 373, 375-76 (1899). Although sovereign immunity is not mentioned in the Constitution, "the doctrine is derived from the laws and practices of [England]." *U.S. v. Lee*, 106 U.S. 196, 205 (1882).

"Under settled principles of sovereign immunity, the United States . . . is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotations omitted). Thus, courts lack jurisdiction to hear any case brought against the United States unless Congress had waived sovereign immunity. *Dunn & Black, P.S. v. U.S.*, 492 F.3d 1084, 1090 (9th Cir. 2007) ("Only Congress enjoys

the power to waive the United States' sovereign immunity.") (quoting *Army & Air Force Exch. Serv. V. Sheehan*, 456 U.S. 728, 734 (1982)).

**B. *Bivens* claim**

Plaintiff asserts that the IRS intentionally violated his Fourth Amendment right to be free from "unreasonable search and seizure" by assessing a tax against Plaintiff's settlement and placing a lien against his assets, despite knowing Plaintiff's settlement was tax-exempt. (Dkt. No. 14 at 30.) Given this constitutional violation, Plaintiff seeks to sue the United Stated pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.*) Defendant responds by pointing out that *Bivens* only permits suit against officials in their individual capacity and Plaintiff has failed to name any agents in his complaint. (Dkt. No. 16 at 9.) Additionally, the Government asserts that even if Plaintiff had correctly named an individual in his complaint, his *Bivens* suit would still be barred because a taxpayer is not permitted to pursue a *Bivens* action based upon the assessment or collection of taxes. (*Id.* at 10.)

The Court agrees with Defendant. As an initial matter and as the Government points out, Plaintiff has failed to properly plead a *Bivens* suit because he has not named an individual IRS official, acting in his personal capacity, as a defendant. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (*Bivens* actions do not lie against the United States, agencies of the United States, or federal agents in their official capacity). Yet moreover and more importantly, plaintiff-taxpayers are simply not permitted to bring *Bivens* suits based on the assessment or collection of taxes. *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004) ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that *Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and officials.") Here, the gravamen of Plaintiff's suit is that the IRS unlawfully assessed his tax liability for his emotional distress settlement and unlawfully placed a lien on his home in order to satisfy the amount owed. Accordingly and because Plaintiff's claim arises out of the allegedly improper assessment or collection of his taxes, he cannot bring a *Bivens* suit

against the Government.  Accordingly, the Court **DISMISSES** Plaintiff's eleventh cause of action **with prejudice.**  Amendment would be futile as *Bivens* actions are forbidden in the context of taxpayer collection or assessment suits.  *See Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015) (futility alone is a sufficient basis for denying leave to amend).

### C. Tort claims

Plaintiff alleges that Defendant, in improperly assessing and collecting a tax on Plaintiff's 1993 settlement, committed a variety of torts including defamation, tortious interference with Plaintiff's business, fraud, extortion, and intentional infliction of emotional distress.  Defendant, in turn, asserts that Plaintiff cannot sue the Government in tort because the Federal Tort Claims Act (FTCA) does not apply to claims arising out of the collection of taxes.  (Dkt. No. 16 at 11.)

The Court yet again agrees with Defendant.  Though the FTCA waives the United States' sovereign immunity for specific common law torts, relief under the FTCA is unavailable for "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c); *see also Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003) ("the FTCA's broad waiver of sovereign immunity is subject to thirteen specific exceptions. *See* 28 U.S.C. §§ 2680(a)-(n).").  Accordingly and even taking Plaintiff's allegations as true, the plain language of the FTCA and its exceptions make clear that no taxpayer may sue the United States for a tort arising out of the assessment or collection of any tax.  The torts complained of by Plaintiff arose out of the IRS's collection of $907,910 in taxes that Plaintiff allegedly owed the Government pursuant to Plaintiff's emotional distress settlement.  As such, the Court lacks jurisdiction to hear any of Plaintiff's tort-based claims and **DISMISSES** Plaintiff's third, fourth, fifth, sixth, seventh, eighth, and tenth causes of action **with prejudice**.  Amendment would be futile because the United States has not waived its sovereign immunity as to torts that arise from collection of tax dollars.

////

////

### D. Claims arising under the Internal Revenue Code

Plaintiff's first and second causes of action seek to bring suit against the IRS for improper assessment of a tax deficiency in violation of § 104(a)(2) and § 7491(a)(1) of the Internal Revenue Code. Defendant counters that Plaintiff has failed to identify any federal statute demonstrating that the United States has waived its sovereign immunity for causes of action arising under the Internal Revenue Code. Liberally construed, however, the Court concludes that Plaintiff's complaint appears to assert a damages claim against the Government under 26 U.S.C. § 7433 and a tax refund under 26 U.S.C. § 7422. Yet for the reasons stated below, and notwithstanding Plaintiff's conclusory assertion that he "exhausted all administrative remedies," Dkt. No. 14 at 4, the Court concludes that the complaint does not plead enough to satisfy the Court that Plaintiff has met the administrative requirements that must be followed before filing suit against the United States under the Internal Revenue Code.

### 1. Waiver of Sovereign Immunity & Exhaustion

Section 7433 allows a taxpayer to sue the United States for damages "for tax collection activity that violates some provision of the Revenue Code or the regulations promulgated thereunder." *Shwarz v. U.S.*, 234 F.3d 428, 433 (9th Cir. 2000). Accordingly, Section 7433 is a limited waiver of the Government's sovereign immunity. *Allied/Royal Parking L.P. v. U.S.*, 166 F.3d 1000, 1003 (9th Cir. 1999). "[Section] 7433," however, "can only be used to attack unlawful *collection* practices, not the validity or merits of an assessment." *Miller v. U.S.*, 66 F.3d 220, 222 (9th Cir. 1995) (emphasis in original). Taxpayers may alternatively sue the United States to recover "any internal revenue tax alleged to have been erroneously or illegally assessed or collected" under 26 U.S.C. § 7422(a). *See Dunn*, 492 F.3d at 1088-89. Likewise, Section 7422 also amounts to a waiver of the United States' sovereign immunity. *See* 28 U.S.C. § 1346(a)(1); *see also Christian v. U.S.*, 17 F.3d 393 (Table), 1994 WL 47912, *1 (9th Cir. Feb. 17, 1994) (Section 7422 grants a waiver of sovereign immunity to permit jurisdiction under 28 U.S.C. § 1346).

To bring an action under 26 U.S.C. § 7433, the taxpayer must first exhaust his administrative remedies. 26 U.S.C. § 7433(d)(1) ("Requirement that administrative remedies be exhausted"); *see also Christian*, 1994 WL 47912 at *2 (affirming district court's dismissal of taxpayer suit because plaintiff failed to exhaust his administrative remedies under § 7433(d)(1) and therefore his "claim for damages against the IRS [was] barred by the doctrine of sovereign immunity. Accordingly, the district court properly dismissed his claim for lacked subject matter jurisdiction."). The same is true of 26 U.S.C. § 7422. *See Dunn*, 492 F.3d at 1090 ("If a person neglects to file an administrative claim as required by § 7422(a), that person has failed to satisfy a necessary condition of the waiver of sovereign immunity under § 1346(a)(1), and, as we have repeatedly held, the district court is necessarily divested of jurisdiction over the action.").[3]

### 2. Section 7433

Section 7433(d)(1) states that a "judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433. "The IRS, in turn, has promulgated regulations that mandate that damages actions under Section 7433 may not be maintained unless the taxpayer has filed an administrative claim." *Hallinan v. U.S.*, 498 F. Supp. 2d 315, 317 (D.D.C. 2007) (citing 26 C.F.R. § 301.7433–1). The relevant regulations state that a taxpayer seeking damages under § 7433 must submit an administrative claim (1) "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer

---

[3] The Court observes that while the Ninth Circuit has repeatedly held that failure to exhaust under § 7422 divests a court of jurisdiction on sovereign immunity grounds, *see Dunn*, 492 F.3d at 1090, n.4, it is not equally clear whether failure to exhaust under 26 U.S.C. § 7433(d) is jurisdictional and, therefore, whether it is properly raised in a 12(b) motion. *See Clift v. U.S. I.R.S.*, 214 F. Supp. 3d 1009, 1012 (W.D. Wash. 2016). Regardless, "Even if the failure to exhaust administrative remedies is not technically jurisdictional, dismissal for failure to exhaust [is]s still proper." *See Clark v. U.S.*, 462 Fed. App'x 719, 71 n.1 (9th Cir. 2011); *see also Christian*, 1994 WL 47912, at *2.

currently resides"; (2) provide personal information of the taxpayer making the claim; (3) state the "grounds, in reasonable detail, for the claim"; (4) include a "description of the injuries incurred by the taxpayer filing the claim"; (5) "the dollar amount of the claim"; and (6) the "signature of the taxpayer." 26 C.F.R. § 301.7433–1(e). The regulations go on to state that no § 7433 claim shall lie against the United States until the IRS renders a decision on the claim or until six months have passed since the date the claim was properly filed. *Id.* § 301.7433–1(d). Moreover, "a civil action under paragraph (a) of this section must be brought in federal district court within 2 years after the date the cause of action accrues." *Id.* § 301.7433–1(f).

Plaintiff does not allege that he filed an administrative claim in accordance with 26 C.F.R. § 301.7433–1(e). The complaint states that he "filed a timely, written, formal appeal," but it fails to provide enough detail for this Court to conclude that the "appeal" met the requirements of § 301.7433–1(e). Accordingly, and absent any non-conclusory factual allegations that Plaintiff exhausted his administrative remedies, the Court **DISMISSES** Plaintiff's first and second causes of action insofar as they are asserted under 26 U.S.C. § 7433. *See Hallinan*, 498 F. Supp. 2d at 318 (dismissing taxpayer complaint brought under Section 7433 because plaintiff failed to present any non-conclusory factual allegations that demonstrated administrative exhaustion). To the extent Plaintiff wishes to amend his complaint to rectify this defect, the Court warns that Plaintiff must specifically show how, in accordance with the procedures laid out in 26 C.F.R. § 301.7433–1, he exhausted his administrative remedy. Only by satisfying the Court that he administratively exhausted, may Plaintiff proceed with his suit against the United States.

### 3. Section 7422

Section 7422 of the Internal Revenue Code provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that

regard, and the regulations of the secretary established in pursuance thereof."  26 U.S.C. § 7422.  In order to bring suit under § 7422, the individual must first pay the *full amount* of the contested penalty assessment and then file a claim for "refund or credit."  *Thomas v. U.S.*, 755 F.2d 728, 729 (9th Cir. 1985) (citing *Flora v. U.S.*, 357 US. 63 (1958)); *see also Duda v. U.S.*, 79 Fed. Cl. 129, 132 (2007) ("A tax refund suit . . . may not be maintained . . . unless a taxpayer fully paid the assessed income tax and timely filed a refund claim with the IRS.") (emphasis added).[4]

To properly file a "claim for refund or credit" the taxpayer must do so "within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later," 26 U.S.C. § 6511(a) (limitations on credit or refund), and must wait until the IRS either rejects the claim or until six months pass without the IRS rendering a decision before filing in district court.  26 U.S.C. § 6532(a) (referencing suits or proceedings brought under Section 7422(a)).

Plaintiff has failed to demonstrate that he exhausted his administrative remedies required under 26 U.S.C. § 7422.  The complaint does not allege that Plaintiff ever paid the assessed deficiency, to say nothing of whether he filed a "claim for refund or credit."  In fact, the complaint instead suggests that Plaintiff never paid the deficiency.  Dkt. No. 14 at 24 ("Petrillo had to deposit $907,910 with the Tax Court before his case could be heard. [¶] This prohibited Petrillo from taking his case to Tax Court.").  Accordingly and because Plaintiff has failed to allege any facts that, taken as true, show he fully paid the

---

[4] Plaintiff argues that the "full payment rule" is unfairly prohibitive, and that he should be given an opportunity to adjudicate his case without paying it.  (*Id.* at 23-24).  Unfortunately, this Court is not at liberty to assess the "inherent fairness" of the rule as the Supreme Court has expressly refused to recognize a partial-payment remedy.  *See Flora v. U.S.*, 357 U.S. 63, 75 (1958) ("It is suggested that a part-payment remedy is necessary for the benefit of a taxpayer too poor to pay the full amount of the tax. Such an individual is free to litigate in the Tax Court without any advance payment. Where the time to petition that court has expired . . . the requirement of full payment may in some instances work a hardship. But since any hardship would grow out of an opinion whose effect Congress in successive statutory revisions has made no attempt to alter . . . [whether] amelioration is required it is now a matter for Congress, not this Court.")

assessed deficiency, the Court also **DISMISSES** Plaintiff's first and second causes of action insofar as they are asserted under 26 U.S.C. § 7422. *See Thomas*, 755 F.2d at 729 (failure to pay penalty amount strips the district court of jurisdiction to hear the suit). The Court will grant Plaintiff leave to amend to cure this defect, but warns that Plaintiff's complaint must include non-conclusory allegations demonstrating that (1) he fully paid the assessed deficiency and that he (2) properly filed a "claim for a refund" as required by 26 U.S.C. § 7422 and in accordance with the Treasury Code regulations, *see, e.g.*, 26 C.F.R. § 301.6402–2 (claims for credit or refund).

### E. Conspiracy to commit mortgage fraud

Plaintiff's ninth cause of action is for conspiracy to commit mortgage fraud. This cause of action has no clear legal authority. To the extent that Plaintiff is asserting a tort for conspiracy to commit mortgage fraud, such a claim is barred for the reasons stated above. A *Bivens* action is also not available for the reasons stated above. Accordingly and because Plaintiff has not identified any relevant legal authority granting him the right to, (1) bring a cause of action, (2) against the United States, for conspiracy to commit mortgage fraud, the Court **DISMISSES** the claim **with leave to amend.** If and when Plaintiff chooses to amend his complaint, he must state which legal authority, state or federal, permits him to bring such a claim against the United States. Absent such a showing, however, the Court must dismiss the claim for lack for lack of subject matter jurisdiction and for failure to state a claim.

### **IMPROPER SERVICE**

Defendant also argues that Plaintiff has "failed to comply with Fed. R. Civ. P. 4 [as] he has not served a copy of either his Complaint or Amended Complaint with a summons on the Attorney General of the United States." (Dkt. No. 16 at 15.). Accordingly, Defendant argues, Plaintiff's action should be alternatively dismissed under Rule 12(b)(2) and 12(b)(5) for lack of proper service and personal jurisdiction. (*Id.*)

/ / / /

/ / / /

### A. Rule 12(b)(5)

Under Fed. R. Civ. P. 12(b)(5), a party "may assert . . . insufficient service of process" by motion. "A defendant who has notice of an action against him may force the plaintiff to prove that service has been made . . . ." *S.E.C v. Internet Solutions. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). A plaintiff properly serves the United States by (1) "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" *and* (2) by "send[ing] a copy of each . . . to the Attorney General of the United States at Washington D.C." Fed. R. Civ. P. 4(i). Failure to serve both the U.S. Attorney and the Attorney General requires a court to "dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

### B. Analysis

After reviewing the record, the Court finds that Plaintiff properly served the United States Attorney's Office for the Southern District of California. (Dkt. No. 11 at 5, 8.) This satisfies the first requirement of Rule 4(i). Plaintiff, however, has failed to satisfy the section requirement of Rule 4(i), directing plaintiffs to "send a copy . . . to the Attorney General of the United States at Washington D.C."

It seems Plaintiff mistakenly believed that serving the United States Attorney's office was akin to serving the United States Attorney General. Plaintiff's service processor reported that Plaintiff requested delivery of the complaint and summons to the "U.S. Attorney General," but Plaintiff only listed the United States Attorney office's San Diego address. (Dkt. No. 11 at 8.) As a result, the United States Attorney for the Southern District of California was properly served, but not the Attorney General's office in Washington, D.C.

Though the United States is clearly aware of the suit, Defendant is correct that "actual notice cannot cure defective service." (Dkt. No. 16 at 14 (*citing Wuchter v. Pizzutti*, 276 U.S. 13, 24 (1928)); *see also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("[N]either actual notice nor simply naming the defendant in the complaint will

provide personal jurisdiction.") Accordingly, the Court also **GRANTS** Defendant's motion to dismiss for improper service and for lack of personal jurisdiction **without prejudice**. If Plaintiff is to proceed with his suit, he must ensure a copy of the complaint and summons are served on both the United States Attorney for the Southern District of California and the U.S. Attorney General in Washington D.C in compliance with Fed. R. Civ. P. 4(i). The Court additionally notes that, if Plaintiff seeks to sue the IRS, Plaintiff must also effectuate service on the agency. Fed. R. Civ. P. 4(2) ("To serve a United States agency or corporation . . . a party must serve the United States *and also* send a copy of the summons and of the complaint by registered or certified mail to the agency") (emphasis added).

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's FAC under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(5). (Dkt. No. 16.) Plaintiff may amend his Complaint to cure those deficiencies that the Court has identified as being subject to leave to amend.

Plaintiff has forty-five (45) days leave from the date of this Order in which to file an amended complaint that cures all the deficiencies of pleading identified by this Order. Any amended complaint must be complete by itself without reference to the original pleading. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 986, 928 (9th Cir. 2012) (noting that claims, dismissed with leave to amend, that are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final Order dismissing this civil action based on lack of subject matter jurisdiction, failure to state a claim, and/or his failure to prosecute in compliance with a Court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir.

2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: May 31, 2017

Hon. Gonzalo P. Curiel
United States District Judge