UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PETRILLO, DMD,<br><br>                        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                        Defendant. | Case No.: 3:15-cv-01894-GPC-NLS<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>**[ECF No. 32]** |

Plaintiff Ronald Petrillo filed this action on August 26, 2015, against the United States. (ECF No. 1.) The original complaint asserted several claims resulting from the government's alleged miscalculation of Plaintiff's tax liabilities. On April 11, 2016, the Court dismissed the case without prejudice as a result of Plaintiff's failure to prosecute the case. (ECF No. 5.) Two weeks later, Plaintiff submitted a letter to the Court in which he explained that his attorney had withdrawn from the case five days before the expiration of the statute of limitations on Plaintiff's claims; that Plaintiff recently had a relapse of a heart attack in March 2016; and that he served the United States Attorney's Office for the Southern District of California on April 4, 2016. (ECF No. 8.) Also in that letter, Plaintiff asserted that the California Franchise Tax Board "publicly defamed" him in media outlets. (*Id.*) The Court vacated its judgment and ordered Plaintiff to serve

Defendant[1] with either the original complaint or an amended complaint within 30 days. (ECF No. 9.) Plaintiff failed to file anything for four months. On August 26, 2016, the Court again dismissed the case as a result of Plaintiff's failure to respond to the Court's order. (ECF No. 10.) On September 14, 2016, Plaintiff sent the Court another letter indicating that he had served the United States Attorney's Office for the Southern District of California with a copy of a first amended complaint. (ECF No. 11.) The Court reopened the case. (ECF No. 12.) The Court ordered Plaintiff to file a copy of his amended complaint with the Court within 30 days. (*Id.* at 2.) Plaintiff did not file an amended complaint until nearly four months later. (ECF No. 14.)

Plaintiff's Amended Complaint asserted eleven claims against the United States. These claims arose from disputes between Plaintiff and the Internal Revenue Service ("IRS"). According to the Amended Complaint, the IRS improperly assessed a tax on a settlement payment Plaintiff received as a result of a personal injury lawsuit. Eventually, the IRS levied Plaintiff's bank accounts and foreclosed on his home.

Defendant moved to dismiss the Amended Complaint on March 8, 2017. (ECF No. 16.) After the parties fully briefed the motion, the Court granted the motion to dismiss in full. (ECF Nos. 27 (original order), 28 (amended order).) The Court dismissed the complaint on several grounds. First, the Court dismissed with prejudice Plaintiff's *Bivens* claim against the United States because such claims may be asserted only against individual officers. (ECF No. 28 at 6–7.) Next, the Court dismissed with prejudice Plaintiff's tort claims because the Federal Tort Claims Act does not waive the United States' sovereign immunity for claims relating to the assessment or collection of taxes. (*Id.* at 7.) The Court dismissed without prejudice Plaintiff's claims under the Internal Revenue Code because the amended complaint did not allege non-conclusory

---

[1] As discussed below, Federal Rule of Civil Procedure 4(i)(1)(B) required Plaintiff to serve a summons and complaint not only on the relevant United States Attorney's Office, but also "the Attorney General of the United States at Washington, D.C."

facts demonstrating that Plaintiff had exhausted administrative remedies. (*Id.* at 8–12.) And the Court dismissed without prejudice Plaintiff's claim of "conspiracy to commit mortgage fraud" because such a cause of action "has no clear legal authority." (*Id.* at 12.) Separately, the Court also dismissed the Amended Complaint in its entirety without prejudice because Plaintiff had not properly served Defendant. The Court explained that while Plaintiff did serve the proper United States Attorney's Office, Plaintiff failed to comply with Federal Rule of Civil Procedure 4(i)(1)(B), which required him to send a copy of the summons and Amended Complaint "to the Attorney General of the United States at Washington, D.C." (*Id.* at 13–14.) The Court also informed that if he intended to add a claim against the IRS, he must effectuate service on the agency itself. (*Id.* at 14 (citing Fed. R. Civ. P. 4(i)(2).)

At the conclusion of its ruling, the Court instructed that "Plaintiff has forty-five (45) days from the date of this Order in which to file an amended complaint that cures all the deficiencies of pleading identified by this Order. . . . If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final Order dismissing this action based on lack of subject matter jurisdiction, failure to state a claim, and/or his failure to prosecute in compliance with a Court order requiring amendment." (*Id.*) Plaintiff did not meet this deadline. On July 31, 2017, the Court dismissed Plaintiff's claims with prejudice. (ECF No 29.) A judgment was entered in Defendant's favor the same day. (ECF No. 30.)

On July 30, 2018—one day less than a year after this Court entered its judgment—Plaintiff filed the instant motion, which seeks relief from the judgment under Federal Rule of Civil Procedure 60(b)(1) and (2). (ECF No. 32.) Defendant has filed a response in opposition to the motion. (ECF No. 36.) Rule 60(b)(1) permits the Court to relieve a party "from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(2) permits the same relief on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." For both provisions, such a motion must

be made "within a reasonable time," but ultimately "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff argues that he should be relieved from the judgment in this case because he never received notice that the Court had dismissed this case. (ECF No. 32 at 2.) Plaintiff explains that despite the fact that the clerical staff at his dental practice brings official correspondence to Plaintiff's attention immediately, he never received notice of the Court's order "vacating" the case. (*Id.*) He also repeats several of the assertions made in his previous letters to the Court: his attorney withdrew from Plaintiff's case at the last minute before filing the original complaint; Plaintiff has been inundated with attacks from the IRS and the California Franchise Tax Board; he works full time at his dental practice; and he has had health issues requiring hospital care. (*Id.* at 3–6.)

The Court agrees with Defendant that Plaintiff has failed to show under Rule 60(b)(1) that he should be relieved from the Court's judgment on the ground of mistake, inadvertence, surprise, or excusable neglect. As for mistake, Plaintiff implies that his clerical staff made a mistake in not giving him the Court's notice that this case "was vacated." It is unclear which of this Court's orders he is referring to. If this is a reference to the Court's motion to dismiss ruling, Plaintiff should have nonetheless received notice of the Court's judgment in this case on July 31, 2017. Under that scenario, Plaintiff offers no reason why he waited a year after receiving that notice to file the instant motion. While Rule 60(c) places a one-year limit on Rule 60(b)(1) motions, it also requires that it be filed within "a reasonable time." Under such circumstances, Plaintiff's waiting almost a year to file this motion was an unreasonable delay. If, on the other hand, the notice Plaintiff claims he did not receive was the notice of the judgment in this case, then Plaintiff should have received the notice of the Court's ruling on Defendant's motion to dismiss. Under that scenario, Plaintiff was on notice that he had to file a second amended complaint within 45 days, but he nonetheless failed to do so. Either way, Plaintiff has not shown that he is entitled to relief from the judgment on the basis of a mistake.

As to "inadvertence" or "surprise," Plaintiff has offered no reason to believe relief from the judgment is appropriate on those bases. To the extent that he asserts his clerical staff's alleged mistake supports an assertion under these grounds for relief, the same reasoning immediately above applies.

Last, Plaintiff's assertion of excusable neglect is not persuasive. When considering a claim of excusable neglect under Rule 60(b)(1), the Court must consider (1) "the danger of prejudice to the non-moving party," (2) "the length of the filing delay and its potential impact on the proceedings," (3) "the reason for the filing delay," and (4) "whether the moving party acted in good faith." *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016). As to the first factor, reopening this case for the third time despite Plaintiff's multiple failures to adhere to the Court's deadlines would impose significant prejudice against Defendant, who has an interest in the speedy resolution of claims against it as well as the finality of judgments in its favor. As for the second factor, while the length of the delay might not impact the proceedings in this case, the length itself is significant: not only did Plaintiff miss the 45-day deadline to file a second amended complaint, but he also waited 364 days after judgment was entered in this case to file the instant motion. Third, while the Court is sympathetic to Plaintiff's suggestion that he has had health issues, according to Plaintiff's own motion, he receives his treatment for these issues on a monthly basis. (ECF No. 32 at 6.) A series of monthly doctor visits is not a sufficient reason to wait such a long time to respond to the Court's ruling and orders. His other assertions—that he works full time, has been "embattled by the FTB," and "had 14 boxes of documents to decipher"—also do not present sufficient reason to explain his delay in responding to the Court. Fourth, the timing of Plaintiff's filings suggest at least a hint of bad faith. Despite his claim that he never received the Court's notice, he just happened to file this motion one day before the deadline to file a Rule 60(b)(1) or Rule 60(b)(2) motion would have expired.

Plaintiff separately argues that, under Rule 60(b)(2), he should be relieved from the judgment in this case because he wishes to add claims against the California Franchise

Tax Board.  (ECF No. 32 at 2.)  But Plaintiff fails to indicate what new "evidence" he has discovered.  This case was asserted against only the United States; if Plaintiff wishes to assert a claim against the Franchise Tax Board, he is free to file a new lawsuit.

In sum, the Court finds that Plaintiff has not offered sufficient reason to grant him relief from the judgment in this case.  His Rule 60 motion is DENIED.

**IT IS SO ORDERED.**

Dated:  August 22, 2018

Hon. Gonzalo P. Curiel
United States District Judge